## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| MICHAEL DUFFY, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 14-724-SLR |
| SUPERINTENDENT ARMY CORPS OF ENGINEERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

1. **Background**. Plaintiff Michael Duffy ("plaintiff") filed this civil action on June 9, 2014. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless

legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). An action is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir.1993).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the

2

well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** The allegations are related to the aftermath of a coastal storm that occurred on May 12, 2008, and the displacement of individuals from their property as a result of the storm. This is yet another complaint plaintiff has filed in this court in an effort to redress perceived violations. *See Duffy v. Novoro*, 09-197-SLR, dismissed as frivolous July 21, 2009; *Duffy v. Kent County Levy Court*, 09-198-SLR, summary judgment granted in favor of defendant Mar. 10, 2014; *Duffy v. Delaware*, 09-817-SLR, dismissed pursuant to defendants' motion Feb. 24, 2011; *Duffy v. Angel*, 10-383-SLR, dismissed as frivolous August 16, 2010; *Duffy v. Mange*, 10-529-SLR, dismissed as frivolous and malicious Sept. 21, 2010; *Duffy v. Mange*, 11-013-SLR, summary judgment granted in favor of defendants Mar. 10, 2014; *Duffy v. United States Army Corp of Engineers*, No. 11-224-SLR, dismissed for failure to comply with order June 17, 2011; *Duffy v. Holder,* No. 13-1548-SLR, dismissed for failure to comply with order Nov. 19, 2013; *Duffy v. Holder,* No. 13-1673-SLR, dismissed for failure to comply with order Nov. 19, 2013; *Duffy v. Biden*, No. 14-366-SLR, dismissed for failure to comply with order

Nov. 19, 2013; and *Duffy v. Holder*, No. 14-367-SLR, dismissed for failure to comply with order June 6, 2014.

7. The complaint is not a model of clarity. Duffy refers to *Duffy v. Delaware*, Civ. No. 98-0817-SLR (dismissed Feb. 24, 2011) and appears to allege a violation of his right to equal protection under the Fourteenth Amendment because the State of Delaware's response to the May 2008 flood was not the same when compared to the State of New Jersey's response to Hurricane Sandy. It appears that he raises the claim pursuant to 42 U.S.C. § 1983. Duffy also seems to complain that houses affected by the May 2008 flood are slowly being condemned and the price of the empty lots have significantly decreased when comparing the 2008 value ($200,000) to the 2014 value ($20,000) of property that is now deemed a flood risk. Duffy further complains that this court has failed to address his numerous lawsuits which adds to the suffering of victims along the Delaware Bay. Plaintiff seeks damages and other relief as necessary.

8. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993) (a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff). *See also Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of § 1915); *McGill v. Juanita Kraft Postal Service*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending

4

federal lawsuit by the same plaintiff or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

9. Plaintiff's pattern of filing repetitive claims arise out of a common nucleus operative facts and are related to the 2008 coastal storm. To date, all of plaintiff's complaints have been dismissed or summary judgment has been granted in favor of defendants. The filing of this complaint falls squarely in the category of malicious litigation. Plaintiff's continual filing of new cases under new theories in an effort to obtain the recovery he desires is an abuse of the system. Based upon the foregoing, the court concludes that plaintiff's complaint is malicious within the meaning of § 1915(e)(2)(B)(i).

10. **Conclusion**. For the above reasons, the complaint will be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the complaint would be futile. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). A separate order shall issue.

Dated: September ___15___, 2014      UNITED STATES DISTRICT JUDGE

5